UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS RODRIGUEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br><br>*Defendant*. | Civil Action No.: 16-cv-2245 (PGS)<br><br>**MEMORANDUM AND ORDER** |

SHERIDAN, U.S.D.J.

This matter is before the Court on a Motion to Dismiss any Claim For Damages Exceeding $75,000 and to Limit Damages to $75,000 by Defendant Department of the Army pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). (ECF No. 26). For the reasons discussed below, Defendant's motion is granted

### BACKGROUND

This case arises from injuries sustained in a car accident. On August 22, 2011, Plaintiff Luis Rodriguez was involved in a serious car accident, when his vehicle was struck by another vehicle, registered to Defendant Department of the Army (hereinafter, "the Army"), that was operated by an Army employee, Michael J. Parmigiano. (Complaint at ¶¶ 4-5). As a result of the accident, Plaintiff sustained permanent physical injuries and damage to his vehicle. (*Id.* at ¶ 7).

As required under the administrative process for seeking damages against the United States, Plaintiff submitted to the Army a Standard Form 95 Claim for Damage, Injury, or Death on January 22, 2013. (ECF No. 26-3, "SF-95 I"). In this form, Plaintiff identified property damage to his vehicle, and physical injuries to his "back, neck, and both knees." (*Id.*). In response to one

1

question on the form, concerning the "Amount of Claim," Plaintiff claimed $10,108.72 for damage to his vehicle and "to be determined" for personal injury damages. (*Id.*). Two days later, the Army responded, informing Plaintiff's counsel that his SF-95 I form was deficient, since it failed to state a sum certain for his personal injuries. (ECF No. 26-4, "Letter From Army").

Almost six months later, on July 15, 2013, Plaintiff submitted to the Army a second SF-95 form. (ECF No. 26-5, "SF-95 II"). Consistent with SF-95 I, Plaintiff again identified injuries to his "back, neck and both knees" and sought $10,108.72 in damages to his vehicle, (*Id.*); however, in this second form, Plaintiff claimed personal injuries damages of "[o]ver $75,000.00." (*Id.*). As such, Plaintiff alleged total damages of over $85,108.72. (*Id.*).

Thereafter, on April 14, 2016, Plaintiff filed his Complaint in this Court, alleging three counts of negligence against the Army, Parmigiano, and fictitious defendants. Although the Complaint sought no specified amount in damages, the civil cover sheet attached to it demanded relief of $1 million. (ECF No. 1-1, "Civil Cover Sheet").

Less than six months later, on October 4, 2016, the Army notified Plaintiff's counsel by letter that it was denying his claims. (ECF No. 26-6, "Army Denial Letter"). The letter explained, "Since your client has filed suit regarding this incident in The United States District Court, For The District of New Jersey, all claims related to the event that serve as the basis of this suit are no longer amenable to administrative resolution. (*Id.*).

On April 28, 2017, Plaintiff provided the Army responses to its first set of interrogatories. When asked to identify damages for past pain and suffering, future pain and suffering, and property damage and repair, Plaintiff responded: $500,000; $500,000; and $6,500, respectively. (ECF No. 26-7, "Plaintiff's Interrogatories" at 4). When asked to describe the injuries he sustained as a result of the August 2011 accident, Plaintiff stated:

> My right leg, right knee and entire lower back; left knee, neck and upper back. I had surgery on the left knee with Dr. Christopher Spagnuola in August, 2013 and on the right knee in October, 2013. At present I am currently undergoing authorized medical treatment for the left knee which includes injections with Dr. Spagnuola.
>
> I am still in severe pain in all the affected areas. The pain is not improving and is getting worse.
>
> I have limited range of motion in my neck, back and legs. I am also having memory problems.

(*Id.* at 2).

The Army presently seeks to limit Plaintiff's damages to the personal injury amount stated in the SF-95 II form, $75,000.00.[1]

## LEGAL STANDARD

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks and citations omitted). "Sovereign immunity, therefore, deprives a court of subject matter jurisdiction over a claim against the United States unless a statute grants an express waiver of immunity. *White-Squire v. United States Postal Serv.*, No. 08-3486, 2009 U.S. Dist. LEXIS 8832, at *9 (D.N.J. Feb. 5, 2009) (citing *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000)). As such, the Federal Torts Claims Act (FTCA) is jurisdictional in nature, since it provides a limited waiver of sovereign immunity for negligent acts committed "by an officer or employee of the federal government acting within the scope of his/her employment." *Fontanez v. Lopez*, No. 11-2573, 2011 U.S. Dist. LEXIS 74856, at *30 (D.N.J. July 12, 2011) (citing 28 U.S.C. § 2672).

---

[1] It should be noted that in their memorandum in support, Defendants sought to limit damages to $85,108.72; however, both parties agreed at oral argument that Plaintiff's personal injury damages would be limited to $75,000.00.

3

"Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1194 (3d Cir. 1989). Therefore, noncompliance with these procedures "deprives a claimant of federal court jurisdiction over his or her claim." *Davis v. Marsh*, 807 F.2d 908, 911 (11th Cir. 1987) (quoting *Adams v. United States*, 615 F.2d 284, 290 (5th Cir. 1980)).

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), a defendant may move to dismiss a claim for lack of jurisdiction over the subject matter at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) (citing Fed. R. Civ. P. 12(b)(1)). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, No. 07-1797, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007) (citing *Cardio-Medic. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)). Where, as here, the challenge is factual, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). Since the present motion concerns a factual challenge, whether Plaintiff is entitled to relief in excess of his sum certain, the Court may consider documents attached to the pleadings. *See White-Squire*, 2009 U.S. Dist. LEXIS 8832, at *19-20

(treating the defendant's motion to dismiss for failure to exhaust administrative remedies under the FTCA to a factual attack on jurisdiction); *Medina v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir. 2007) (same).

## ANALYSIS

Relying on the FTCA, 28 U.S.C. § 2671 *et seq.*, the Army contends that Plaintiff's present cause of action is limited to the sum certain identified in his SF-95 II claim. As such, the Army argues that this Court lacks jurisdiction to award damages beyond the sum certain.

"Under the FTCA, any party asserting a claim for money damages arising out of the negligent or wrongful act of a government employee must first file a claim with the administrative agency at issue." *Chamberlain v. United States*, No. 11-1808, 2012 U.S. Dist. LEXIS 5673, at *6 (D.N.J. Jan. 18, 2012) (citing 28 U.S.C. § 2675(a). A claim under this section may be amended at any time "prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)," which allows a claimant to file a complaint in district court. 28 C.F.R. § 14.2(c). However, upon final agency decision, a claimant's damages in any lawsuit are limited to the amount filed in the administrative claim. *See* 28 U.S.C. § 2675(b). Section 2675(b) states:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

*Id.* "The manifest purpose of the sum certain requirements of § 2675 is to ensure that federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the government's potential liability." *Martinez v. United States*, 780 F.2d 525, 530 (5th Cir. 1986); *Reilley v. United States* 863 F.2d 149, 173 (1st Cir. 1988).

Here, Plaintiff's SF-95 II form set forth a claim of "[o]ver 75,000." Although Plaintiff qualifies the amount with "[o]ver," the Court finds this language surplusage and, therefore, stricken; as such, the Court understands Plaintiff to have claimed damages of $75,000. It is well settled that courts will strike the qualifying language that accompanies a claim for amount of damages. *See Adams v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 318, 322 (2d Cir. 1986) (requested damages "in excess of $1,000" stated a claim of $1,000); *Martinez*, 728 F.2d at 697 (claim for damages "in excess of $100,000" stated a claim of $100,000"); *Erxleben v. United States*, 668 F.2d 268, 272-73 (7th Cir. 1981) (claim alleging damages of "$149.42 presently" stated a claim in that amount). Because Plaintiff filed his Complaint with this Court prior to the Army's denial, his present cause of action is limited to the sum identified in his SF-95 II, $75,000.00. Moreover, since Plaintiff does not argue that the sum certain exception excuses him from now seeking damages in excess of $75,000.00, Defendant's motion is granted.

**ORDER**

This matter having come before the Court on a motion to dismiss by Defendant Department of the Army; and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 16 day of Feb., 2018,

ORDERED that Defendants' Motion to Dismiss (ECF No. 26) is GRANTED.

_____
PETER G. SHERIDAN, U.S.D.J.